IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIMINAL ACTION |
| ) | |
| v. ) | No. 10-20076-04-KHV |
| ) | |
| MICHAEL D. PORTER, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**MEMORANDUM AND ORDER**

On May 24, 2011, the Court sentenced defendant to 120 months in prison. On March 16, 2012, the Court overruled defendant's motions to withdraw his guilty plea. On August 28, 2012, the Court overruled defendant's request for a reduced sentence in light of the decision in Dorsey v. United States, 132 S. Ct. 2321 (2012). On May 30, 2016, based on the decision in Johnson v. United States, 135 S. Ct. 2551 (2015), defendant through the Federal Public Defender filed a motion to vacate his sentence under 28 U.S.C. § 2255. The Court stayed consideration of defendant's Section 2255 motion until the Supreme Court decided the case of Beckles v. United States, Docket No. 15-8544 (June 27, 2016). This matter is before the Court on defendant's letter (Doc. #666) filed June 28, 2016, which the Court construes as a motion for resentencing. For reasons stated below, the Court dismisses defendant's motion.

Initially, the Court dismisses defendant's motion because defendant is represented by counsel who did not sign the motion. See United States v. Sandoval-DeLao, 283 F. App'x 621, 625 (10th Cir. 2008) (no error in refusal to consider pro se motion when defendant represented by counsel); United States v. Castellon, 218 F. App'x 775, 780 (10th Cir. 2007) (if criminal defendant represented by counsel, court does not accept pro se filings or allegations); United States v.

McKinley, 58 F.3d 1475, 1480 (10th Cir. 1995) (no constitutional right to "hybrid form of representation"). In addition, the Court lacks jurisdiction to address defendant's motion.

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so. United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996); see 18 U.S.C. § 3582(c). Congress has set forth three limited circumstances in which a court may modify a sentence: (1) upon motion of the Director of the Bureau of Prisons in extraordinary circumstances or where defendant has reached 70 years of age and has served at least 30 years in prison; (2) when "expressly permitted by statute or by Rule 35;" and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(1), (2); see Blackwell, 81 F.3d at 947-48. None of these exceptions apply here. Defendant has not cited any statute which authorizes the Court to modify his sentence.[1] Moreover, Rules 35 and 36 of the Federal Rules of Criminal Procedure clearly do not authorize a substantive modification of defendant's sentence at this time. See id.; Fed. R. Crim. P. 35 (authorizes resentencing to reflect defendant's substantial assistance, and to correct arithmetical, technical or other clear error within 14 days of sentencing); Fed. R. Crim. P. 36 (authorizes court to correct clerical-type errors). Finally, the Court does not have inherent authority to resentence defendant. See Blackwell, 81 F.3d at 949. For these reasons, the Court does not have jurisdiction to resentence defendant at this time.

---

[1] Defendant alleges that (1) counsel provided ineffective assistance of counsel during plea negotiations and (2) someone deliberately provided falsified documents to the grand jury. Doc. #666 at 1. Defendant ordinarily could raise such claims under 28 U.S.C. § 2255, but his current Section 2255 motion only asserts a claim under Johnson and the claims in his motion for resentencing do not appear to relate to Johnson. Even so, to the extent that such claims can be pursued in an action under 28 U.S.C. § 2255, defendant can seek leave through counsel to file an amended Section 2255 motion.

**IT IS THEREFORE ORDERED** that defendant's letter (Doc. #666) filed June 28, 2016, which the Court construes as a motion for resentencing, is **DISMISSED for lack of jurisdiction**.

Dated this 6th day of October, 2016 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
