IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

United States of America,

        Plaintiff,

v.                                                                      Case No. 10-20076-04-JWL

Michael D. Porter,

        Defendant.

## MEMORANDUM & ORDER

In May 2011, defendant Michael D. Porter entered a guilty plea pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) to possession with intent to distribute crack cocaine. The presentence report classified defendant as a career offender under U.S.S.G. § 4B1.2 and calculated a guideline range of 151 to 188 months. Nonetheless, the parties proposed, and the judge assigned to this case at the time accepted, a sentence of 120 months followed by three years of supervised release. Defendant's term of supervision began in May 2019. In January 2023, after multiple noncompliance issues and a state court conviction for attempted aggravated robbery, the court revoked defendant's supervised release and sentenced him to 24 months imprisonment. This matter is now before the court on defendant's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) (doc. 962) and a motion for modification of sentence pursuant to 18 U.S.C. § 3582(c)(2) (doc. 964). As will be explained, defendant's motion to reduce is denied without prejudice to refiling and his motion for modification is dismissed.

The court begins with defendant's motion for a sentence reduction under § 3582(c)(1)(A). The Tenth Circuit has endorsed a three-step test for district courts to utilize in connection with motions filed under § 3582(c)(1)(A). *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021) (citing *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)). Under that test, a court may reduce a sentence if the defendant administratively exhausts his or her claim and three other requirements are met: (1) "extraordinary and compelling" reasons warrant a reduction; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with any applicable factors set forth in 18 U.S.C. § 3553(a). *Id.*

In his motion and his related submissions (including a reply, a supplemental reply and an additional supplement), defendant urges that a sentence reduction is warranted for a litany of reasons. He contends that he was improperly classified as a career offender at the time of his initial conviction; that he no longer qualifies as a career offender in any event; that the prosecutor who obtained his initial conviction engaged in serious misconduct to obtain that conviction; that he would receive a shorter sentence if sentenced today based on changes to the crack cocaine sentencing laws; that he received ineffective assistance of counsel in connection with his initial conviction; and that the presentence report prepared at the time of his initial conviction contains numerous errors.

Even putting aside the fact that defendant's arguments either cannot be addressed under § 3582(c)(1)(A) or have no bearing on defendant's sentence (which, as noted, was the result of a Rule 11(c)(1)(C) plea agreement), the court must deny the motion. As the government

highlights in its response to the motion, defendant has not shown that he has exhausted his administrative remedies with respect to any of his arguments. According to the government, information that it has received from the BOP demonstrates that defendant has not exhausted his administrative remedies in any respect. Defendant, in turn, has not submitted any evidence (or even alleged) that he has administratively exhausted his remedies. The motion, then, must be denied. *United States v. Hemmelgarn*, 15 F.4th 1027 (10th Cir. 2021) (exhaustion is not jurisdictional but is a mandatory claims-processing rule); *Hamer v. Neighborhood Hous. Servs. of Chicago*, 138 S. Ct. 13, 17 (2017) ("If properly invoked, mandatory claim-processing rules must be enforced.").

The court turns, then, to defendant's motion for modification of sentence pursuant to 18 U.S.C. § 3582(c)(2), which the government has not separately addressed. Here, defendant asserts that he is entitled to a sentence reduction based on Amendment 782 which reduced, generally by two levels, certain offense levels assigned in the Drug Quantity Tables at U.S.S.G. § 2D1.1.[1] Defendant also reasserts the arguments he set forth in his motions under § 3582(c)(1)(A).

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *See United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). Section 3582 allows for a possible sentence reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that

---

[1] To the extent defendant is suggesting that Amendment 782 lowered the sentencing range that applied to his original term of imprisonment such that an additional extraordinary and compelling reason exists for release or reduction under § 3582(C)(1)(A), the motion would be denied for failure to exhaust administrative remedies.

has subsequently been lowered by the Sentencing Commission." *See* 18 U.S.C. § 3582(c)(2). In his motion, defendant argues that his original term of imprisonment would or should be lower for several reasons (including Amendment 782). However, once a defendant serves his original term of imprisonment, the court no longer has authority to modify that portion of his sentence. *United States v. Dahda*, 2022 WL 4079021, at *4 (D. Kan. Sept. 6, 2022) (citing *United States v. Wilson*, 799 Fed. Appx. 792, 794 (11th Cir. 2020) ("Our authority to grant § 3582(c)(2) relief to [defendant] vanished once he served his entire term of imprisonment, regardless of whether he is on supervised release as a result of his conviction."); *United States v. Martin*, 974 F.3d 124, 144 (2d Cir. 2020) ("If Congress intended to permit the retroactive modification of a sentence that has already been served, it could have done so.")). Because defendant is no longer in custody on a sentence that was arguably based on a sentencing range the Sentencing Commission lowered subsequent to defendant's sentencing, the court lacks jurisdiction to grant defendant relief under 18 U.S.C. § 3582(c)(2). *See United States v. Williams*, 367 Fed. Appx. 967, 968 (10th Cir. 2010) (affirming district court's denial of § 3582(c)(2) motion filed by defendant serving revocation sentence; current term of incarceration was based on noncompliance with the terms of his supervised release, not on the drug quantity table set forth in U.S.S.G. § 2D1.1(c)).

**IT IS THEREFORE ORDERED BY THE COURT** defendant's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) (doc. 962) is denied without prejudice to refiling once he has exhausted administrative remedies and defendant's motion for modification of sentence pursuant to 18 U.S.C. § 3582(c)(2) (doc. 964) is dismissed for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated this 30th day of May, 2023, at Kansas City, Kansas.

                                                       s/John W. Lungstrum
                                            HON. JOHN W. LUNGSTRUM
                                            United States District Judge