IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

        **Plaintiff,**

v.                                                Case No. 10-20076-04-JWL

**Michael D. Porter,**

        **Defendant.**

## MEMORANDUM & ORDER

In May 2011, defendant Michael D. Porter entered a guilty plea pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) to possession with intent to distribute crack cocaine. The presentence report classified defendant as a career offender under U.S.S.G. § 4B1.2 and calculated a guideline range of 151 to 188 months. Nonetheless, the parties proposed, and the judge assigned to this case at the time accepted, a sentence of 120 months followed by three years of supervised release. Defendant's term of supervision began in May 2019. In January 2023, after multiple noncompliance issues and a state court conviction for attempted aggravated robbery, the court revoked defendant's supervised release and sentenced him to 24 months imprisonment. He is scheduled to be released on October 6, 2024.

This matter is now before the court on defendant's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c) based on what he describes as an "illegal sentence" (doc. 973).[1] The Tenth Circuit has endorsed a three-step test for district courts to utilize in connection with

---

[1] In a supplement filed subsequent to his motion, defendant asserts that his motion is filed under 18 U.S.C. § 3582(a)(1)(A).

motions filed under § 3582(c)(1)(A). *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021) (citing *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)). Under that test, a court may reduce a sentence if the defendant administratively exhausts his or her claim and three other requirements are met: (1) "extraordinary and compelling" reasons warrant a reduction; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with any applicable factors set forth in 18 U.S.C. § 3553(a). *Id*.

In his motion, two subsequent supplements that he filed, and his reply brief, defendant urges that a sentence reduction is warranted for several reasons. He contends that he was improperly classified as a career offender at the time of his initial conviction; that the prosecutor who obtained his initial conviction engaged in serious misconduct to obtain that conviction; that he received ineffective assistance of counsel in connection with his initial conviction; and that the presentence report prepared at the time of his initial conviction contains numerous errors relating to his career offender designation. He requests the preparation of a new presentence report.

The government argues that the motion must be denied because defendant has not shown that he has exhausted his administrative remedies with respect to any of his arguments. According to the government, information that it has received from the BOP demonstrates that defendant has not exhausted his administrative remedies in any respect. In a supplement filed just today, defendant suggests for the first time that he attempted to exhaust his remedies by submitting a letter to the Warden of his facility. The court need not decide whether defendant exhausted his remedies because it concludes that exhaustion with the BOP is not required here.

Specifically, the BOP is authorized to grant a reduction under § 3582(c)(1)(A) only for reasons set forth in the Sentencing Commission's policy statement. Without exception, every argument made by defendant in his motion falls outside the scope of the applicable policy statement. Thus, because the BOP could not grant the relief requested by defendant in any event, exhaustion is not required. *See United States v. Dahda*, 2022 WL 4079021, at *6 (D. Kan. Sept. 6, 2022) (because the BOP is authorized to grant a reduction only for reasons identified in the Sentencing Commission's policy statement, exhaustion of remedies for claims outside the policy statement is not required).

But the court cannot grant the relief requested by defendant either. None of the arguments advanced by defendant are cognizable under § 3582(c)(1)(A). In *United States v. Wesley*, the Tenth Circuit held that "[w]hen a federal prisoner asserts a claim that, if true, would mean 'that the sentence was imposed in violation of the Constitution or laws of the United States . . .,' the prisoner is bringing a claim governed by § 2255." 60 F.4th 1277, 1288 (10th Cir. 2023) (claims for prosecutorial misconduct cannot be resolved in context of § 3582(c) motion but must be raised in § 2255 petition). Consistent with *Wesley*, defendant's prosecutorial misconduct claim, his ineffective assistance claim, and his claim that he was erroneously classified as a career offender are all governed by § 2255. *See United States v. Sears*, 2023 WL 5570772, at *3 (10th Cir. Aug. 29, 2023) (district court lacked jurisdiction over argument in § 3582(c)(1)(A) motion that sentencing court erroneously treated prior convictions as serious violent felonies for purposes of career offender designation) (citing *Wesley*, 60 F.4th at 1289)); *United States v. Ford*, 2023 WL 3829725, at *2 n.1 (10th Cir. June 6, 2023) (court lacks jurisdiction over ineffective-assistance-of-counsel argument raised in § 3582(c)(1)(A) motion

(citing *Wesley*, 60 F.4th at 1288–89)).  Finally, the Circuit has also recognized that § 2255 is the appropriate procedural vehicle to challenge alleged errors in a PSR.  *United States v. Brumley*, 753 Fed. Appx. 594, 599 (10th Cir. 2018) (district court had jurisdiction to consider § 2255 petition where defendant was seeking to correct an alleged error in his PSR) (citing *United States v. Gattas*, 862 F.2d 1432, 1434 (10th Cir. 1988)).  Because defendant has already filed a § 2255 petition, he must file with the Tenth Circuit a motion for authorization pursuant to § 2255(h) before he may proceed with these specific claims.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c) (doc. 973) is **dismissed for lack of jurisdiction.**

**IT IS SO ORDERED.**

Dated this 16th day of July, 2024, at Kansas City, Kansas.

                                         s/John W. Lungstrum
                                         HON. JOHN W. LUNGSTRUM
                                         United States District Judge